## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

ALLEN WAYNE WILLIAMSON,       )
                             )
              Plaintiff,      )
                             )
v.                            )        Case No. CIV-14-046-RAW-KEW
                             )
CAROLYN W. COLVIN, Acting     )
Commissioner of Social        )
Security Administration,      )
                             )
              Defendant.      )

## REPORT AND RECOMMENDATION

Plaintiff Allen Wayne Williamson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries:  first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1]  Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 25, 1979 and was 32 years old at the time of the ALJ's decision. Claimant completed his education through the ninth grade with special education classes. Claimant has not worked in the past. Claimant alleges an inability to work beginning December 9, 2005 due to limitations resulting from physical and mental impairments.

## Procedural History

On March 9, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On July 23, 2012, an administrative hearing was held before Administrative Law Judge ("ALJ") Lantz McClain. On August 16, 2012, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on December 12, 2013. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform a full range of sedentary work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to adequately discuss uncontroverted or significantly probative evidence that conflicted with his findings; and (2) refusing to

order IQ testing as requested by counsel.

## Discussion of the Evidence

In his decision, the ALJ determined Claimant suffered from the severe impairments of right ankle injury with reflex sympathetic dystrophy, history of right foot gout, status post injury to the right hand, mild degenerative disc disease of the lumbar spine, obesity, sleep apnea, borderline intellectual functioning, and anxiety. (Tr. 13). The ALJ also found Claimant retained the RFC to perform a full range of sedentary work. In so doing, the ALJ determined Claimant could lift/carry 10 pounds occasionally and frequently, stand and/or walk for at least two hours in an 8 hour workday, and sit for at least 6 hours in an 8 hour workday, all with normal breaks. Claimant was also able to do simple, repetitive tasks. (Tr. 15). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of circuit board assembler, and line machine operator, both of which he testified existed in sufficient numbers in the regional and national economies. (Tr. 19). Based upon these findings, the ALJ concluded Claimant was not under a disability from December 9, 2005 through the date of the decision. Id.

Claimant contends the ALJ omitted evidence from his analysis which supported a finding of disability. Claimant notes the ALJ

relied upon Dr. Adel Malati's findings from a June 1, 2011 report that Dr. Malati did not observe Claimant to be in any acute distress, did not use any assistive device and his right foot limped only slightly, and did not observe any difficulty with Claimant's sitting, standing, or lying down. (Tr. 17). The ALJ did not reference the fact that Claimant's right ankle range of motion was decreased to 10 degrees plantar flexion and 5 degrees dorsiflexion. Dr. Malati also found Claimant was not able to do heel walking, toe walking, and heel-to-toe walking. (Tr. 481-82).

Claimant also experienced abnormalities of the right foot and ankle. Such abnormalities included swelling, discoloration, tenderness, hypersensitivity, decreased mobility, reflex loss, weakness, and gait problems. (Tr. 206-08, 214, 217, 221-22, 224, 227-28, 230-32, 234-35, 238, 242, 294, 302-03, 380, 403, 409, 411, 415, 417-18, 458, 476, 481-82, 521-23, 526, 528, 542-43, 556, 559, 574-75, 596-97, 610, 625, 628). The ALJ concluded Claimant was exaggerating the limitations posed by his right ankle problems, which is problematic when the ALJ did not consider the totality of the medical evidence and functional limitation evidence in evaluating Claimant's condition.

With regard to functional limitations of Claimant's right upper extremity, the ALJ limited his lifting ability but found

Claimant could grasp and finger, relying upon Dr. Maliti's findings. (Tr. 17). The ALJ did not consider Dr. Malati's conclusion that Claimant experienced decreased extension mobility in his right hand and the last two fingers of the right hand, noting he almost severed the fingers using a saw in October of 2007. (Tr. 386, 481, 542).

Claimant's mental limitations were also recognized by the ALJ, noting Claimant was suffering from borderline intellectual functioning, relying primarily upon the report of Dr. M. Gerald Ball authored on June 22, 2011. (Tr. 16-18, 488-89). While Dr. Ball did find Claimant operated in the low borderline range of intelligence with an IQ of 75 to 80, he also noted that Claimant's ability to read, his short term memory, and his mental control appeared to be in the range of mild mental retardation. (Tr. 489). Dr. Ball also assessed Claimant's GAF at 45. Id. The ALJ omitted these findings while generally accepting the IQ findings. (Tr. 16-18).

Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010.

An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall re-evaluate the evidence of limitation related to Claimant's right ankle and foot, upper extremity limitations, and mental limitations and consider whether modifications to his RFC assessment should result.

With regard to the GAF score, without doubt, a low GAF is not conclusive on the issue of whether a claimant is unable to perform the necessary functions of employment. "The GAF is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning." Langley v. Barnhart, 373 F.3d 1116, 1122 n. 3 (10th Cir. 2004). The Tenth Circuit through a series of unpublished decisions has made it clear that the failure to discuss a GAF alone is insufficient to reverse an ALJ's determination of non-disability. See, Lee v. Barnhart, 2004 WL 2810224, 3 (10th Cir. (Okla.)); Eden v. Barnhart, 2004 WL 2051382, 2 (10th Cir. (Okla.)); Lopez v. Barnhart, 2003 WL 22351956, 2 (10th Cir. (N.M.)). The foundation for this statement is the possibility that the resulting impairment may only relate to the claimant's social rather than occupational sphere. Lee, supra at 3. However, a GAF of 50 or less does

suggest an inability to keep a job.  Id. citing Oslin v. Barnhart,
2003 WL 21666675, 3 (10th Cir. (Okla.)).  Specifically, the DSM-IV-
TR, explains that a GAF between 31 and 40 indicates "[s]ome
impairment in reality testing or communication" or "major
impairment in several areas, such as work or school, family
relations, judgment, thinking, or mood."  A GAF between 41 and 50
indicates "[s]erious symptoms (e.g., suicidal ideation, severe
obsessional rituals, frequent shoplifting) OR any serious
impairment in social, occupational, or school functioning (e.g., no
friends, inability to keep a job)."  Diagnostic and Statistical
Manual of Mental Disorders 34 (4th ed. 2000).

Nevertheless, a GAF score may be of considerable help to the
ALJ in formulating the RFC but it is not essential to the RFC's
accuracy and "taken alone does not establish an impairment serious
enough to preclude an ability to work."  Holcomb v. Astrue, 2010 WL
2881530, 2 (Okla.)(unpublished opinion) citing Howard v. Comm. of
Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002).  In this case, the
ALJ should at least acknowledge the GAF score as a part of the
analysis of Claimant's mental condition and consider whether the
low GAF score in combination with other limitations indicates a
more serious mental restriction.

### Failure to Order IQ Testing

Claimant's counsel requested that the ALJ order additional IQ testing during the administrative hearing. Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. <u>Branam v. Barnhart</u>, 385 F.3d 1268, 1271 (10th Cir. 2004) citing <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146 (1987). A social security hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." <u>Id</u>. quoting <u>Henrie v. United States Dep't of Health & Human Services</u>, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." <u>Id</u>. quoting <u>Carter v. Chater</u>, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. <u>Baca v. Dept. of Health & Human Services</u>, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. <u>Henrie</u>, 13 F.3d at 361.

The duty to develop the record extends to ordering consultative examinations and testing where required. Consultative examinations

are used to "secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision." 20 C.F.R. § 416.919a(2). Normally, a consultative examination is required if

    (1) The additional evidence needed is not contained in the records of your medical sources;

    (2) The evidence that may have been available from your treating or other medical sources cannot be obtained for reasons beyond your control, . . .

    (3) Highly technical or specialized medical evidence that we need is not available from your treating or other medical sources;

    (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence mus be resolved, and we are unable to do so by recontacting your medical source; or

    (5) There is an indication of a change in your condition that is likely to affect your ability to work.

    20 C.F.R. § 416.909a(2)(b).

None of these bases for ordering a consultative examination exists. The ALJ had before him the findings of Dr. Ball regarding Claimant's IQ. While he did not consider the other findings by Dr. Ball regarding further mental limitations, conditions did not exist to warrant further consultative examinations on the issue of Claimant's IQ.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 11th day of May, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE